STATE EX REL. CLIFFORD L. HILTON v. CITY OF BROOKSIDE AND OTHERS.[1]

December 5, 1924.

No. 24,533.

**Incorporation of Brookside as city of fourth class.**

    A city organized under chapter 462, Laws of 1921, may include an existing village or borough, but not a part only of such village or borough.

Upon information filed by the attorney general, the district court for Hennepin county granted its writ of quo warranto commanding defendants to show by what authority the city of Brookside claimed to exist as a city. The court, Kolliner, J., made findings and ordered a writ of ouster to issue. From the judgment respondents appealed. Affirmed.

[1]Reported in 201 N. W. 139.

*Tom Davis, Ernest A. Michel* and *M. J. McCabe,* for appellants.
*Clifford L. Hilton,* Attorney General, *Stevens & Stevens* and *Shaw, Safford, Putnam & Shaw,* for relator.

TAYLOR, C.

On an information filed by the attorney general, the district court of Hennepin county issued a writ of quo warranto requiring the defendants to show by what authority the city of Brookside claimed to exist as a city and to have the right to exercise jurisdiction as such over the territory claimed to be embraced therein. The defendants filed an answer asserting that "Brookside" had been incorporated and organized as a city in July, 1924, under and pursuant to the provisions of chapter 462, p. 724, of the L. 1921. The matter was submitted upon a stipulated statement of facts. The district court held that the proceedings by which "Brookside" claimed to have become incorporated as a city were unauthorized, illegal and void, and rendered judgment of ouster. Defendants appealed.

The village of St. Louis Park and the village of Edina adjoin and have existed as incorporated villages for many years. The city of Brookside embraces a part of the territory of each village. It includes no territory outside these villages. The territory included in "Brookside" contains a population slightly in excess of 1,000. The territory remaining in each of the villages contains a population greater than the population of Brookside. That the proceedings for incorporating the city were regular in form is conceded.

The state insists and the trial court held that the statute does not authorize the organization of a city which includes a part but not the whole of a village. The statute is lengthy, containing a complete code for the government of cities organized thereunder, but the provisions with which we are concerned are found in sections 1 and 2 of the act from which we make the following excerpts:

"The inhabitants of contiguous territory not organized as a city and having not less than one thousand (1,000) inhabitants and not

more than ten thousand (10,000) inhabitants may become incorporated as a city of the fourth class as hereinafter provided:

"Whenever two thirds (2/3) of the legal voters residing within the limits of such territory, whether all or part of such territory had been theretofore organized into a borough or village, or not, and which territory they desire to have incorporated as a city shall sign" etc.   Section 1.

"And in case the territory included in any city which shall be hereafter formed and established under the provisions of this act shall include the territory embraced in any village or borough corporation, such village or borough corporation shall, upon the establishment of such city corporation, cease; and such city corporation shall thereupon succeed to and become vested with the ownership of all the property, real, personal and mixed which belonged to or was owned by such village or borough corporation at the time when the same ceased to exist; and such city corporation shall also thereupon become and be liable and responsible for all debts, obligations and liabilities then existing against such village or borough corporation for any cause or consideration whatever, in the same manner and to the same extent as if such debts, obligations and liabilities had been originally contracted or incurred by such city corporation. By the words 'establishment of such city corporation' is meant the incorporation of said city and the organization of the city government of the same; and the officers elected or appointed in any village or borough embraced in the territory included in such city shall continue to exercise the powers conferred upon like officers in this State until the officers for the said city shall be elected and qualified."   Section 2.

Statutes must be construed so as to give effect to the intention of the legislature.  The intention of the legislature is to be ascertained from the language of the statute itself, unless the language is so obscure, indefinite or ambiguous that the effect intended by the legislature is left in doubt.  Where the effect intended is left in doubt by the language used, considered by itself, such matters as the state of the existing law, the object to be accomplished, the

consequences which will follow from adopting one or another of the possible constructions, the legislative policy in respect to the subject matter, and also any other pertinent facts and circumstances known to the legislature, may be considered, if thereby the doubt is removed and the legislative purpose made clear. See the numerous cases cited in Dunnell, Minn. Dig. and Supps. § 8938.

The provisions of the statute here in question are to this effect:

"Contiguous territory not organized as a city," having over 1,000 and less than 10,000 inhabitants, "whether all or part of such territory had been theretofore organized into a borough or village, or not," may be incorporated as a city. If such city "shall include the territory embraced in any village or borough corporation, such village or borough corporation shall, upon the establishment of such city corporation cease," and such city shall thereupon succeed to all the property and become responsible for all the liabilities of such village or borough, but the officers of "any village or borough embraced in the territory included in such city shall continue to exercise" their powers "until the officers for the said city shall be elected and qualified."

The statute gives express authority to include within the territory to be incorporated as a city territory "theretofore *organized into a borough or village*," but gives no express authority to include therein *part* of the territory theretofore so organized. It provides that if the city "shall include the territory embraced in any village or borough," such village or borough shall cease to exist, and that the city shall take over all its property and become responsible for all its liabilities, but makes no provision for the situation which would arise if part of the territory of a village or borough were taken therefrom and included within the city.

If one city may take part of a village or borough, another city may take another part. And it is admitted in this case that the city of Oak Park is being incorporated in the same manner as the city of Brookside, and is taking within its territory another part of the village of St. Louis Park and also a part of the village of Hopkins, leaving about one-third of the original territory of St. Louis Park to continue as a village.

Whether the specified territory shall be incorporated as a city is determined by the inhabitants of that territory; the inhabitants of territory not included within the proposed city have no voice in the matter. If the statute be given the effect contended for by defendants, the territory of a village or borough may be cut down to an insignificant part of its original territory, without consulting the inhabitants of the remaining territory and without apportioning any part of the debts of the village or borough to the city which may have taken from it the very territory for the benefit of which such debts were incurred.

We are satisfied that the statute will not bear the construction for which defendants contend. It does not say that the city may include *part* of a borough or village, but that it may be formed out of territory all or part of which had been theretofore organized *into* a borough or village. If the legislature had intended to authorize the city to take part of a village or borough, it would have used language expressing that intention. Authority of such importance and having such far-reaching consequences will not be implied unless necessary to accomplish the legislative purpose, or the intention to confer it is reasonably free from doubt. We think that the language used, taken as a whole, shows plainly that the provisions relating to villages and boroughs were intended to apply to them as municipal entities. We find nothing to indicate an intention to give authority to dismember them. And we are of opinion that, for the purposes of the act, the territory of such a municipality must be treated as an entirety. It may become a city, or part of a city, in which event both its property and its liabilities pass to the city, and the original municipality goes out of existence, but it may not be divided into segments for the purpose of forming all or part of one or more cities. We reach the same conclusion reached by the learned trial court and for substantially the same reasons, and its judgment must be and is affirmed.